Citation Nr: 1450459 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 08-22 877A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Education Center in Atlanta, Georgia


THE ISSUE

Whether a refund in the amount of $2,493.74 under the Veterans' Education Assistance Program (VEAP) may be reissued to the Veteran.

(The issue of entitlement to service connection for diabetes mellitus is the subject of a separate Board of Veterans' Appeals decision issued this same date.)


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Robert E. P. Jones, Counsel



INTRODUCTION

The Veteran served on active duty from February 1981 to May 1985.

This matter is before the Board of Veterans' Appeals (Board) from a determination by the Department of Veterans Affairs (VA) Education Center in Atlanta, Georgia.

The Board recognizes that on an August 2008 VA Form 9 the Veteran requested a hearing before a Veterans Law Judge at the regional office. However, the Veteran's claim is not currently in appellate status and thus at this time a Board hearing may not be provided. 

The case is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In 2008, the Veteran informed VA that she had visited the VA website to get information for filing a disability compensation application. She stated that while researching on the VA website she found out that she met the criteria for a refund of her VEAP contributions. When she found this out she submitted a request for a refund.

VA then informed the Veteran that VA had issued a refund of the Veteran's VEAP contributions in the amount of $2,493.74 on February 17, 1995. The Veteran asserts that she was not aware that a refund check had automatically been mailed to her at that time. She states that she never received such check. She requested the address that it was sent to, and when this information was provided to her, she stated that she had only resided at that address for a few months. 

VA informed the Veteran that the check could not be traced because it was now more than five years old. The Veteran has disagreed with the VA's denial of her request that she be reissued a refund of her VEAP contributions. 

Although the file contains a VA Form 9 submitted by the Veteran, this does not act to perfect the Veteran's claim. The Board considers this document to be a notice of disagreement with the denial of the Veteran's claim for reissuance of the VEAP refund. The RO has not issued a statement of the case (SOC) regarding the denial of the Veteran's request for VA to reissue her a VEAP refund. Under this circumstance, the Board must remand this issue to the AOJ for the issuance of a statement of the case. See Manlincon v. West, 12 Vet. App. 238, 240-41 (1999). 

Accordingly, the case is REMANDED for the following action:

Provide the Veteran a statement of the case as to the denial of her request for reissuance of a VEAP refund. The Veteran should be informed that she must file a timely and adequate substantive appeal in order to perfect an appeal of this issue to the Board. See 38 C.F.R. §§ 20.200, 20.202, and 20.302(b) (2014). If a timely substantive appeal is not filed, the claim should not be certified to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MICHAEL A. PAPPAS 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).